```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

JANICE WELLS,                     *

    Plaintiff,                   *

vs.                               *
                                         CASE NO. 4:12-cv-93 (CDL)
CITY OF LUMPKIN, *et al.*,        *

    Defendants.                  *

## O R D E R

This action arises from the alleged misconduct of two law enforcements officers.  According to Plaintiff Janice Wells's Complaint, Wells called local law enforcement regarding a prowler at her home whom she apparently knew.  Defendant Timothy L. Murphy, a police officer with the City of Richland, was dispatched to her home.  Wells alleges that when she refused to disclose the identity of the prowler, Murphy sprayed her with pepper spray.  Murphy contends that Wells was combative, obstructed a law enforcement officer, and resisted arrest.  Defendant Ryan Flemen Smith, a police officer with the City of Lumpkin, appeared at the scene to provide assistance after being notified of the struggle between Wells and Murphy.  Wells alleges that when Smith arrived, Smith shocked her with an electrical Taser device.  Wells was arrested for obstruction of a law enforcement officer.

Wells has sued the City of Richland, the City of Lumpkin, Officer Murphy, and Officer Smith pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.  She also asserts state law claims for assault, battery, false imprisonment, false arrest, trespass, negligence, and intentional infliction of emotional distress.  All Defendants have filed motions for summary judgment (ECF Nos. 25, 28, 31, 34).  Wells has failed to respond to these motions.[1]

Wells's failure to respond to Defendants' statements of undisputed material facts requires the Court to accept those facts as having been admitted.  *See* M.D. Ga. R. 56 ("All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted . . . .").  Notwithstanding these admissions, summary judgment cannot be granted by default, and the Court must review the record to determine whether the present record supports the conclusion that Defendants are entitled to judgment as a matter of law. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008).  Having reviewed that record, the Court finds that Defendants Murphy and Smith are entitled to qualified immunity on Wells's federal

---

[1] While the Court declines to speculate as to why no responses to the motions were filed, the Court's review of the record does reveal that Wells acknowledged during her deposition that the allegations in her verified complaint may not have been entirely accurate.

claims and official immunity on Wells's state law claims. The Court further finds that no evidence appears in the present record that the cities of Richland or Lumpkin had any custom or policy that caused the alleged constitutional violations, and therefore, they cannot be liable under 42 U.S.C. § 1983. Finally, no evidence exists in the present record supporting any basis for holding these cities liable for Wells's state law claims. Accordingly, each Defendant's motion for summary judgment is granted, and this action is dismissed in its entirety.

IT IS SO ORDERED, this 19th day of April, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE